**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

PAUL LORENZO and SALLY LORENZO,

                Plaintiffs,

vs.

C.R. BARD INC.; DAVOL INC.; COVIDIEN
INC.; SWD HOLDING, INC. I; and TYCO
HEALTHCARE GROUP LP, INCORRECTLY
DENOMINATED HEREIN AS TYCO
HEALTHCARE GROUP, LIMITED
PARTNERSHIP,

                Defendants.

CIVIL ACTION NO.:  09-61480-Civ
DIMITROULEAS/SNOW

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

        Defendants Covidien Inc. and Tyco Healthcare Group LP, (incorrectly denominated in the caption as Tyco Healthcare Group, Limited Partnership) (hereinafter "Tyco Healthcare") (collectively "Covidien Defendants"), hereby file their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint as follows:

        1.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

        2.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

        3.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

4.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

5.      In response to Paragraph 5 of Plaintiffs' First Amended Complaint, Covidien Defendants admit that Covidien Inc. is a Delaware corporation with its principal place of business in Mansfield, Massachusetts, and admit Covidien Inc. is authorized to do business in the State of Florida.  Covidien Defendants deny the remaining allegations set forth in Paragraph 5 of Plaintiffs' First Amended Complaint.

6.      In response to Paragraph 6 of Plaintiffs' First Amended Complaint, Covidien Defendants admit that SWD Holding, Inc. I was a foreign corporation, which was previously incorporated in Delaware and previously had its principal place of business in Mansfield, Massachusetts and was previously authorized to do business in the State of Florida. Covidien Defendants deny the remaining allegations set forth in Paragraph 6 of Plaintiffs' First Amended Complaint.

7.      In response to Paragraph 7 of Plaintiffs' First Amended Complaint, Covidien Defendants admit that the Tyco Healthcare Group LP, (incorrectly denominated in Plaintiffs' First Amended Complaint as Tyco Healthcare Group, Limited Partnership), is a Delaware limited partnership with its principal place of business in Mansfield, Massachusetts, and is authorized to business in the State of Florida.  Covidien Defendants deny all remaining allegations set forth in Paragraph 7 of Plaintiffs' First Amended Complaint.

8.      In response to the allegations set forth in Paragraph 8 of Plaintiffs' First Amended Complaint directed to Covidien Defendants, Covidien Defendants admit they have generally been engaged in the business of designing, manufacturing and/or selling certain

medical devices and admit from time to time in the past they have designed and manufactured a product sold under the name Surgipro Hernia Patch.  Covidien Defendants also admit they have been or are authorized to do business in the State of Florida.  Except as specifically admitted herein, Covidien Defendants deny all remaining allegations set forth in Paragraph 8 of Plaintiffs' First Amended Complaint directed against them.  As for the allegations set forth in Paragraph 8 of Plaintiffs' First Amended Complaint directed against Bard and Davol, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

9.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

10.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

11.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

12.      Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3785890 v2

## COUNT I

**NEGLIGENCE OF DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP**

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

13.     Covidien Defendants admit they have generally been engaged in the business of designing, manufacturing, and/or selling certain medical devices and admit from time to time in the past they have designed and manufactured a product sold under the name Surgipro Hernia Patch.  Except as specifically admitted herein, Covidien Defendants deny the remaining allegations set forth in Paragraph 13 of Plaintiffs' First Amended Complaint.

14.     Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

15.     Paragraph 15 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 15 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 15 of Plaintiffs' First Amended Complaint.

16.     Paragraph 16 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 16 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 16 of Plaintiffs' First Amended Complaint.

17.     Paragraph 17 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 17 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 17 of Plaintiffs' First Amended Complaint.

18.     Paragraph 18 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 18 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 18 of Plaintiffs' First Amended Complaint.

19.     Covidien Defendants deny the allegations set forth in Paragraph 19 of Plaintiffs' First Amended Complaint.

20.     Covidien Defendants deny the allegations set forth in Paragraph 20 of Plaintiffs' First Amended Complaint.

21.     Covidien Defendants deny the allegations set forth in Paragraph 21 of Plaintiffs' First Amended Complaint.

22.     Covidien Defendants deny the allegations set forth in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Covidien Defendants deny the allegations set forth in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Covidien Defendants deny the allegations set forth in Paragraph 24 of Plaintiffs' First Amended Complaint, including each and every subpart therein.

25.     Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Plaintiffs' First Amended Complaint, and therefore, deny the same.

Further, responding to the unnumbered paragraph following Paragraph 25 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## COUNT II

### STRICT LIABILITY AS TO DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of the Plaintiffs' First Amended Complaint.

26.     In response to the allegations set forth in Paragraph 26 of Plaintiffs' First Amended Complaint directed to Covidien Defendants, Covidien Defendants admit they have generally been engaged in the business of designing, manufacturing, and selling certain medical devices and admit from time to time in the past they have sold, designed, and distributed a product under the name Surgipro Hernia Patch.  Except as specifically admitted herein, Covidien Defendants deny the remaining allegations set forth in Paragraph 26 of Plaintiffs' First Amended Complaint directed against them.  As for the allegations set forth in Paragraph 26 of Plaintiffs' First Amended Complaint directed against Bard and Davol, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

27.     Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

28.     Covidien Defendants deny the allegations set forth in Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     Paragraph 29 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 29 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 29 of Plaintiffs' First Amended Complaint.

30.     Covidien Defendants deny the allegations set forth in Paragraph 30 of Plaintiffs' First Amended Complaint.

31.     Covidien Defendants deny the allegations set forth in Paragraph 31 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 31 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## COUNT III

### BREACH OF EXPRESS WARRANTY OF DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

32.     Covidien Defendants deny the allegations set forth in Paragraph 32 of Plaintiffs' First Amended  Complaint.

33.     Covidien Defendants deny the allegations set forth in Paragraph 33 of Plaintiffs' First Amended  Complaint.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171
3785890 v2

34.     Covidien Defendants deny the allegations set forth in Paragraph 34 of Plaintiffs' First Amended Complaint.

35.     Covidien Defendants deny the allegations set forth in Paragraph 35 of Plaintiffs' First Amended Complaint.

36.     Covidien Defendants deny the allegations set forth in Paragraph 36 of Plaintiffs' First Amended Complaint.

37.     Covidien Defendants deny the allegations set forth in Paragraph 37 of Plaintiffs' First Amended Complaint.

38.     Covidien Defendants deny the allegations set forth in Paragraph 38 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 38 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## <u>COUNT IV</u>

**BREACH OF IMPLIED WARRANTY OF DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP**

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of the Plaintiffs' First Amended Complaint.

39.     In response to the allegations set forth in Paragraph 39 of Plaintiffs' First Amended Complaint directed to Covidien Defendants, Covidien Defendants admit they have generally been engaged in the business of designing, manufacturing, and selling certain medical devices and admit from time to time in the past they have sold, designed, and distributed a product under the name Surgipro Hernia Patch.  Except as specifically admitted herein, Covidien Defendants deny the remaining allegations set forth as in Paragraph 39 of Plaintiffs' First

Amended Complaint directed against them. As for the allegations set forth in Paragraph 39 of Plaintiffs' First Amended Complaint directed against Bard and Davol, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

40.     Covidien Defendants deny the allegations set forth in Paragraph 40 of Plaintiffs' First Amended Complaint.

41.     Covidien Defendants deny the allegations set forth in Paragraph 41 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 41 of the First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## COUNT V

## DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP.: FAILURE TO WARN

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of the Plaintiffs' First Amended Complaint.

42.     In response to the allegations set forth in Paragraph 42 of Plaintiffs' First Amended Complaint directed to Covidien Defendants, Covidien Defendants admit they have generally been engaged in the business of designing, manufacturing, and selling certain medical devices and admit from time to time in the past they have sold, designed, and distributed a product under the name Surgipro Hernia Patch. Except as specifically admitted herein, Covidien Defendants deny the remaining allegations set forth in Paragraph 42 of Plaintiffs' First Amended Complaint directed against them. As for the allegations set forth in Paragraph 42 of Plaintiffs' First Amended Complaint directed against Bard and Davol, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations.

43.     Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Plaintiffs' First Amended Complaint, and therefore, deny the same.

44.     Covidien Defendants deny the allegations set forth in Paragraph 44 of Plaintiffs' First Amended Complaint.

45.     Covidien Defendants deny the allegations set forth in Paragraph 45 of Plaintiffs' First Amended Complaint.

46.     Covidien Defendants deny the allegations set forth in Paragraph 46 of Plaintiffs' First Amended Complaint.

47.     Covidien Defendants deny the allegations set forth in Paragraph 47 of Plaintiffs' First Amended Complaint that the Surgipro Hernia Patch had defective or dangerous propensities.   As for the allegations set forth in Paragraph 47 of Plaintiffs' First Amended Complaint regarding plaintiff Paul Lorenzo's knowledge concerning the Surgipro Hernia Patch, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, deny the same.

48.     Covidien Defendants deny the allegations set forth in Paragraph 48 of Plaintiffs' First Amended Complaint.

49.     Covidien Defendants deny the allegations set forth in Paragraph 49 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 49 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3785890 v2

## COUNT VI

## DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP.: FRAUDULENT MISREPRESENTATION

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

50.     Covidien Defendants deny the allegations set forth in Paragraph 50 of Plaintiffs' First Amended Complaint.

51.     Covidien Defendants deny the allegations set forth in Paragraph 51 of Plaintiffs' First Amended Complaint.

52.     Covidien Defendants deny the allegations set forth in Paragraph 52 of Plaintiffs' First Amended Complaint.

53.     Covidien Defendants deny the allegations set forth in Paragraph 53 of Plaintiffs' First Amended Complaint.

54.     Covidien Defendants deny the allegations set forth in Paragraph 54 of Plaintiffs' First Amended Complaint that Covidien Defendants or Bard and Davol made false representations regarding the Surgipro Hernia Patch.   As for the allegations set forth in Paragraph 54 of Plaintiffs' First Amended Complaint regarding plaintiff Paul Lorenzo's awareness concerning the Surgipro Hernia Patch, Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore, deny the same.

55.     Covidien Defendants deny the allegations set forth in Paragraph 55 of Plaintiffs' First Amended Complaint.

56.     Covidien Defendants deny the allegations set forth in Paragraph 56 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 56 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## COUNT VII

### DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP.: NEGLIGENT REPRESENTATION

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

57.     Paragraph 57 of Plaintiffs' First Amended Complaint is a legal conclusion, which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusion set forth in Paragraph 57 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny Paragraph 57 of Plaintiffs' First Amended Complaint.

58.     Covidien Defendants deny the allegations set forth in Paragraph 58 of Plaintiffs' First Amended Complaint.

59.     Covidien Defendants deny the allegations set forth in Paragraph 59 of Plaintiffs' First Amended Complaint.

60.     Covidien Defendants deny the allegations set forth in Paragraph 60 of Plaintiffs' First Amended Complaint.

61.     Covidien Defendants deny the allegations set forth in Paragraph 61 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 61 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171
3785890 v2

## COUNT VIII

## DEFENDANTS C.R. BARD INC., DAVOL, INC. COVIDIEN INC., SWD HOLDING, INC. I and/or TYCO HEALTHCARE GROUP, LIMITED PARTNERSHIP.: FRAUDULENT CONCEALMENT

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

62.     Covidien Defendants deny the allegations set forth in Paragraph 62 of Plaintiffs' First Amended Complaint.

63.     Covidien Defendants deny the allegations set forth in Paragraph 63 of Plaintiffs' First Amended Complaint.

64.     Covidien Defendants deny the allegations set forth in Paragraph 64 of Plaintiffs' First Amended Complaint, including each and every subpart therein.

65.     Covidien Defendants deny the allegations set forth in Paragraph 65 of Plaintiffs' First Amended Complaint that the Surgipro Hernia Patch was defective.  As for the allegations set forth in Paragraph 65 of Plaintiffs' First Amended Complaint regarding the duty of Covidien Defendants, this is a legal conclusion which Covidien Defendants are neither required to admit or deny.  If Covidien Defendants are required to admit or deny the legal conclusions set forth in Paragraph 65 of Plaintiffs' First Amended Complaint, then Covidien Defendants deny all remaining allegations set forth in Paragraph 65 of Plaintiffs' First Amended Complaint.

66.     Covidien Defendants deny the allegations set forth in Paragraph 66 of Plaintiffs' First Amended Complaint that the Surgipro Hernia Patch was defective and deny that it had a propensity to cause serious and dangerous side effects and damages to users.  Covidien Defendants deny all remaining allegations set forth in Paragraph 66 of Plaintiffs' First Amended Complaint.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171
3785890 v2

67.     Covidien Defendants deny the allegations set forth in Paragraph 67 of Plaintiffs' First Amended Complaint.

68.     Covidien Defendants deny the allegations set forth in Paragraph 68 of Plaintiffs' First Amended Complaint that they or Bard and Davol concealed or omitted material facts regarding the Surgipro Hernia Patch.  Covidien Defendants deny all remaining allegations set forth in Paragraph 68 of Plaintiffs' First Amended Complaint.

69.     Covidien Defendants deny the allegations set forth in Paragraph 69 of Plaintiffs' First Amended Complaint.

70.     Covidien Defendants deny the allegations set forth in Paragraph 70 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 70 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

## COUNT IX

## LOSS OF CONSORTIUM

Covidien Defendants hereby incorporate by reference herein their responses to Paragraphs 1-12 of Plaintiffs' First Amended Complaint.

71.     Covidien Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of Plaintiffs' First Amended Complaint, and therefore, deny the same.

72.     Covidien Defendants deny the allegations set forth in Paragraph 72 of Plaintiffs' First Amended Complaint.

Further, responding to the unnumbered paragraph following Paragraph 72 of Plaintiffs' First Amended Complaint, Covidien Defendants deny plaintiffs are entitled to any relief requested therein.

73.     Covidien Defendants further deny each and every allegation set forth in Plaintiffs' First Amended Complaint not specifically admitted herein.

74.     Covidien Defendants deny that Plaintiffs are entitled to any relief requested in the Plaintiffs' First Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants Covidien Inc. and Tyco Healthcare Group LP, (incorrectly denominated in Plaintiffs' First Amended Complaint as Tyco Healthcare Group, Limited Partnership), (collectively "Covidien Defendants"), for their Affirmative Defenses to Plaintiffs' First Amended Complaint, state as follows:

### FIRST DEFENSE

Plaintiffs' First Amended Complaint filed herein fails to state a claim or claims upon which relief can be granted under Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The sole proximate cause of plaintiffs' damages, if any were sustained, was the negligence of a person or persons or entity for whose acts or omissions Covidien Defendants were and are in no way liable.

### THIRD DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, any recovery by plaintiffs is barred or diminished to the extent plaintiff Paul Lorenzo voluntarily exposed himself to a known risk and/or failed to mitigate his alleged damages.  To the extent plaintiffs

have failed to mitigate their alleged damages, any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

## FOURTH DEFENSE

Plaintiff Paul Lorenzo failed to exercise ordinary care for his own safety such that plaintiffs are not entitled to recover or such recovery shall be diminished accordingly.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the consent of plaintiff Paul Lorenzo.

## SIXTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, any recovery by plaintiffs is barred by the doctrine of assumption of risk.

## SEVENTH DEFENSE

The injuries and damages allegedly sustained by plaintiffs may be due to the operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in plaintiff Paul Lorenzo over which Covidien Defendants have no control.

## EIGHTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## NINTH DEFENSE

Plaintiffs' claims are barred for failure to join necessary and/or indispensable parties.

## TENTH DEFENSE

There was no defect in the products at issue with the result that plaintiffs are not entitled to recover against Covidien Defendants in this cause.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 ●TELEPHONE (305) 358-5171
3785890 v2

### ELEVENTH DEFENSE

There was no causal connection between any alleged defect in the products at issue and plaintiffs' alleged damages with the result that plaintiffs are not entitled to recover against Covidien Defendants in this cause.

### TWELFTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, such damages were caused by the negligence or fault of plaintiffs.

### THIRTEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, such damages were caused by the negligence or fault of persons and/or entities for whose conduct Covidien Defendants are not legally responsible.

### FOURTEENTH DEFENSE

Covidien Defendants are entitled to a determination of the comparative fault of other entities pursuant to Florida Statute § 768.81(3) and Fabre v. Marin, and an appropriate reduction in their own liability.  Covidien Defendants have not had an opportunity to fully investigate this matter or to conduct legal discovery and would, therefore, request that the Court reserve a decision on this defense until this is accomplished and to allow an amendment of this defense as appropriate.

### FIFTEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, the negligence or fault of plaintiffs constitutes the sole, intervening, and superseding cause of plaintiffs' alleged damages.

## SIXTEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, the negligence or fault of persons and/or entities for whose conduct Covidien Defendants are not legally responsible constitutes the sole, intervening, and superseding cause of plaintiffs' alleged damages.

## SEVENTEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, the actions of persons or entities for whose conduct Covidien Defendants are not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the product and other independent causes, constitute an intervening and superseding cause of plaintiffs' alleged damages.

## EIGHTEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Covidien Defendants are not legally responsible.

## NINETEENTH DEFENSE

If plaintiffs have been damaged, which Covidien Defendants deny, such damages were caused by abuse, misuse, user error and/or modification of the product at issue for which Covidien Defendants were and are in no way liable.

## TWENTIETH DEFENSE

To the extent plaintiffs make warranty claims, whether express or implied, the claims are barred by a lack of privity between plaintiffs and the Covidien Defendants.

### TWENTY-FIRST DEFENSE

To the extent plaintiffs make warranty claims, whether express or implied, the claims are barred or limited by any and all express conditions or disclaimers.

### TWENTY-SECOND DEFENSE

To the extent plaintiffs make warranty claims, whether express or implied, the claims are barred by plaintiffs' lack of reliance on any such warranties.

### TWENTY-THIRD DEFENSE

To the extent plaintiffs make warranty claims, whether express or implied, the claims are barred by plaintiffs' waiver.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for breach of implied warranty must fail because the product was not used for its ordinary purpose.

### TWENTY-FIFTH DEFENSE

Covidien Defendants neither had nor breached any alleged duty to warn with respect to the product, with the result that plaintiffs are not entitled to recover in this cause.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred by the learned intermediary, informed intermediary, bulk supplier, and/or sophisticated user doctrines.

### TWENTY-SEVENTH DEFENSE

The conduct of Covidien Defendants and the subject product at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statute and regulations.  Accordingly, plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and

-19-

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3785890 v2

conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by § 768.1256 in that at the time the product at issue was sold or delivered to the initial purchaser or user, the aspect of the product allegedly causing the harm was in compliance with the safety standards promulgated for that product by the appropriate governmental agency.

## TWENTY-NINTH DEFENSE

If plaintiffs recover from Covidien Defendants, Covidien Defendants are entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause the plaintiffs' alleged damages.

## THIRTIETH DEFENSE

Plaintiffs' claims are or may be barred, in whole or in part, to the extent that plaintiffs have released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims.

## THIRTY-FIRST DEFENSE

Should Covidien Defendants be held liable to plaintiffs, which liability is specifically denied, any damages should be reduced in accordance with the requirements of Florida Statute § 768.76, and Covidien Defendants assert all rights they have to collateral source reduction under this statute.

## THIRTY-SECOND DEFENSE

Covidien Defendants assert any and all defenses, claims, credits, offsets, or remedies provided by the Restatement (Third) of Torts and reserve the right to amend their

Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Comment (k) and/or Comment (j) of § 402A of the Restatement (Second) of Torts and by §§ 4 and 6 of the Restatement (Third) of Torts (Product Liability).

## THIRTY-FOURTH DEFENSE

The products at issue are neither defective nor unreasonably dangerous because they are medical devices falling within what is commonly known as Comment (j), Restatement (Second) of Torts § 402A, and comparable provisions of the Restatement (Third) of Torts (Products Liability), in that the products at issue are, at all times material to Plaintiffs' First Amended Complaint, reasonably safe and reasonably fit for its intended use, and the warnings and instructions accompanying the product at the time of the occurrence or injuries alleged by plaintiffs were legally adequate.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with the generally recognized, reasonably available, and reliable state of knowledge when the product was manufactured and marketed.

## THIRTY-SIXTH DEFENSE

All acts of Covidien Defendants at the time of the alleged manufacture, sale, and/or distribution of the product at issue conformed to the state-of-the-art.

LAW OFFICES
SHOOK, HARDY & BACON LLP
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171
3785890 v2

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the product at issue conformed with industry custom/usage standards and/or legislative/administrative/regulatory standards.

### THIRTY-EIGHTH DEFENSE

The design complained of in Plaintiffs' First Amended Complaint, the alleged defects of the product, and/or any alternative design claimed by plaintiffs were not known and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known at the time the product at issue was designed, manufactured, and sold.  Any alleged alternative design was not scientifically or technologically feasible or economically practical.

### THIRTY-NINTH DEFENSE

Covidien Defendants specifically plead all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

### FORTIETH DEFENSE

Plaintiffs' claims for fraudulent misrepresentation and fraudulent concealment are barred because plaintiffs failed to plead such claims with specificity and failed to identify the exact misrepresentations or omissions of fact at issue and how those acts or omissions were false or misleading.

### FORTY-FIRST DEFENSE

Plaintiffs' claims for fraudulent misrepresentation and negligent misrepresentation are barred because Covidien Defendants made no misrepresentation to plaintiffs or any other party with respect to the product at issue or otherwise.

## FORTY-SECOND DEFENSE

Plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation and fraudulent concealment are barred due to lack of any evidence of actual reliance on any oral representation or documents or lack thereof.

## FORTY-THIRD DEFENSE

Plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation and fraudulent concealment are barred because any alleged reliance by plaintiffs on any alleged misrepresentation or omission was unreasonable and unjustified.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims for fraudulent misrepresentation, negligent misrepresentation and fraudulent concealment are barred due to the fact that any claimed misrepresentations or omissions were not material to the selection and use of the product at issue.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims for fraudulent misrepresentation and negligent misrepresentation are barred because the alleged misrepresentations were statements of opinions.

## FORTY-SIXTH DEFENSE

Covidien Defendants may be protected from liability, in whole or in part, or entitled to a rebuttable jury instruction that the product at issue was not defective due to spoliation of evidence through the conduct of one or more of the other parties for whose conduct Covidien Defendants are not responsible or whom Covidien Defendants have no legal relation, and was not caused by Covidien Defendants.

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 • TELEPHONE (305) 358-5171

3785890 v2

## FORTY-SEVENTH DEFENSE

Covidien Defendants intend to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserve the right to amend their Answer to assert these defenses.

## REQUEST FOR JURY TRIAL

Covidien seeks a trial by jury on all issues so triable.

**WHEREFORE**, Defendants Covidien Inc. and Tyco Healthcare Group LP, (incorrectly denominated in the caption as Tyco Healthcare Group, Limited Partnership), state that plaintiffs are not entitled to the relief demanded in the First Amended Complaint, and these Defendants, having fully answered, pray that this action against them be dismissed and that they be awarded their costs in defending this action and that they be granted such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.
Miami Center, Suite 2400
201 South Biscayne Boulevard
Miami, Florida 33131-4332
Telephone:  305.358.5171
Facsimile:  305.358.7470

By:____/s/Alfred J. Saikali_____
        ALFRED J. SAIKALI
        FLA. BAR NO.:  178195

Attorneys for Defendants
Covidien Inc. and Tyco Healthcare Group LP,
Incorrectly Denominated as Tyco Healthcare
Group, Limited Partnership

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 21st day of December, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Walter G. Campbell, Jr.
Krupnick, Campbell, Malone, Buser,
Slama, Hancock, Liberman, & McKee
700 Southwest Third Avenue
Courthouse Law Plaza, Suite 120
Fort Lauderdale, FL  33316
954-763-8181

ATTORNEYS FOR PLAINTIFFS

By:___/s/Alfred J. Saikali_____
        ALFRED J. SAIKALI

LAW OFFICES
SHOOK, HARDY & BACON L.L.P.
MIAMI CENTER, SUITE 2400, 201 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-4332 •TELEPHONE (305) 358-5171
3785890 v2